1  HANSON BRIDGETT LLP
   WALTER R. SCHNEIDER, SBN 173113
2  wschneider@hansonbridgett.com
   MILES C. HOLDEN, SBN 263342
3  mholden@hansonbridgett.com
   HANI GANJI, SBN 272925
4  hganji@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, CA 94105
   Telephone:  (415) 777-3200
6  Facsimile:  (415) 541-9366

7  Attorneys for Plaintiff
   TRI-UNION SEAFOODS, LLC
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-UNION SEAFOODS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STARR SURPLUS LINES INSURANCE COMPANY,<br><br>Defendant. | CASE NO.  **'14CV2282 MMA MDD**<br><br>**TRI-UNION SEAFOODS, LLC'S COMPLAINT AGAINST DEFENDANT FOR:**<br>**(1) DECLARATORY RELIEF;**<br>**(2) BREACH OF CONTRACT;**<br>**(3) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND**<br>**(4) UNFAIR BUSINESS PRACTICES (VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200, ET SEQ.)**<br><br>**DEMAND FOR JURY TRIAL** |

9562340.1

TRI-UNION SEAFOODS, LLC'S COMPLAINT

# COMPLAINT

Plaintiff TRI-UNION SEAFOODS, LLC ("TRI-UNION"), doing business as Chicken of the Sea International, hereby complains against defendant STARR SURPLUS LINES INSURANCE COMPANY ("STARR"), and alleges as follows:

## THE PARTIES

1. TRI-UNION is and was at all relevant times a limited liability company duly organized under the laws of California with its principal place of business in California and at all relevant times was and is authorized to transact business in California.

2. TRI-UNION alleges on information and belief that STARR is and was at all times an insurer domiciled in Illinois, with its principal place of business in New York, and that it was and is at all relevant times authorized to transact business in California as an insurer.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The amount in controversy is the sum that TRI-UNION contends STARR owes for TRI-UNION's losses in connection with the recall of TRI-UNION's oyster products. That loss is in excess of $500,000, which exceeds the amount in controversy requirement under 28 U.S.C. § 1332.

5. Venue is proper in this District and Division under 28 U.S.C. § 1391 because a substantial part of the alleged events and/or omissions giving rise to the claims occurred here.

## GENERAL ALLEGATIONS

I. **NATURE OF THE DISPUTE AND RELIEF SOUGHT**

6. This insurance coverage dispute arises out of losses caused by and/or resulting from TRI-UNION's recall of its oyster products because of a Food and

Drug Administration ("FDA") nationwide update regarding Korean molluscan shellfish dated May 25, 2012 ("FDA Update").

7. TRI-UNION timely tendered its claim of loss to STARR seeking all available coverages.

8. STARR has failed to comply with its obligations under the insurance policy issued to TRI-UNION in connection with TRI-UNION's tender of its claim.

9. TRI-UNION now seeks a declaration of its rights, obligations, duties and liability under the insurance policy issued by STARR to TRI-UNION.

10. TRI-UNION also seeks damages, attorneys' fees, and costs against STARR for breaching the terms of the policy it issued to TRI-UNION and the implied covenant of good faith and fair dealing by unreasonably taking coverage positions contrary to established insurance law and interpreting the policy in a manner so as to deny TRI-UNION the coverage to which it is entitled.

11. TRI-UNION further seeks relief under California Business and Professions Code § 17200, et seq.

## II. THE FDA UPDATE AND THE PRODUCT RECALL

12. In the FDA Update, the FDA advised that on May 1, 2012 it: (1) removed all Korean certified shippers of molluscan shellfish (oysters, clams, mussels, and scallops) from the Interstate Certified Shellfish Shippers List; and (2) determined the Korean Shellfish Sanitation Program no longer met the National Shellfish Sanitation Program's sanitation requirements. In the FDA Update, the FDA also advised that the molluscan shellfish harvested from Korean waters may have been exposed to human fecal waste and potentially contaminated with norovirus because of inadequate sanitation controls. It recommended that all food distributors remove from sale all processed (including canned) Korean molluscan shellfish and any product subsequently made with them.

13. In response to the FDA Update, TRI-UNION recalled all of its oyster products sourced from the Korean shellfish shippers ("Recall"). In doing so, TRI-

UNION has incurred in excess of $500,000 in losses, and continues to incur additional such expenses.

14. The FDA advised TRI-UNION that it agreed with the decision to implement the Recall and described the Recall as "an alternative to a Food and Drug Administration legal action to remove your defective product from the market."

## III. THE INSURANCE POLICY

15. As relevant to this Complaint, STARR issued a "Product Contamination Insurance" policy to TRI-UNION bearing policy number SLSLCRM82025511, effective November 15, 2011 to November 15, 2012 (the "Policy"). Attached hereto as **Exhibit A** is a true and correct copy of the Policy (with premium information redacted).

16. The Policy's insuring agreement provides coverage in part as follows regarding "Accidental Contamination" and "Governmental Recall":

> 1. Insured Events
>
> The Insurer will reimburse the Insured for its Loss excess of the applicable Self-Insured Retention, but not exceeding the limits of liability stated on the Declaration Page, caused by or resulting from any of the following Insured Events first discovered during the Policy Period and reported to the Insurers in writing in accordance with Condition 5.22  Notice of Loss, during the Policy Period or up to thirty (30) days after non-renewal of the Policy, provided that as of inception of this insurance the Insured was not aware and could not reasonably have been aware of circumstances which could produce Loss under this Policy.
>
> 1.1 Accidental Contamination
>
> > Any accidental or unintentional contamination, impairment or mislabeling of an Insured Product(s), which occurs during or as a result of its production, preparation, processing, manufacture, labeling (including instructions for use), processing [sic], packaging, mixing, blending, compounding or distribution, or Adverse Publicity implying such; provided that the use or

consumption of such Insured Product(s):

(i) has resulted in or would result in clear, identifiable, internal or external visible physical symptoms of Bodily Injury within three hundred and sixty five days (365) following such consumption or use . . . .

1.2 Governmental Recall

Any accidental or unintentional contamination, impairment or mislabeling of an Insured Product(s) which occurs during or as a result of its production, preparation, processing, manufacture, labeling (including instructions for use), processing [sic], packaging, mixing, blending, compounding or distribution that causes the Insured Product(s) to be injurious to health or unfit for human consumption and as a result:

(i) an official recall order has been issued by the competent authorities; or

(ii) a recall order by the competent authority is imminent in order to comply with regulations on food safety.

## IV. STARR'S WRONGFUL HANDLING OF TRI-UNION'S CLAIM

17. TRI-UNION timely tendered its claim of loss resulting from the Recall to STARR, and has satisfied all terms and conditions of the Policy that apply to it, except to the extent that STARR prevented TRI-UNION from performing and/or TRI-UNION was excused from performing.

18. STARR denied coverage for TRI-UNION's claim.

19. STARR's refusal to pay TRI-UNION's claim of loss is a material breach of the Policy and the implied covenant of good faith and fair dealing, and violates California's unfair business practices law.

//

//

//

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF – DUTY TO REIMBURSE LOSS
## (AGAINST STARR)

20. TRI-UNION realleges and incorporates by reference each and every allegation set forth above.

21. A dispute and actual, justiciable controversy has arisen and now exists between TRI-UNION and STARR concerning their respective rights, obligations, duties, and liabilities under the Policy in connection with TRI-UNION's claim concerning the Recall. TRI-UNION asserts, and states on information and belief, that STARR disputes, among other things, that under the Policy, STARR is obligated to reimburse TRI-UNION for its losses caused by and/or resulting from the Recall.

22. TRI-UNION desires a judicial determination and declaration of the parties' respective rights, obligation, duties, and liabilities under the Policy in connection with the Recall.

23. Declaratory relief is appropriate and necessary at this time so that the parties may ascertain their respective rights, obligations, duties, and liabilities under the Policy in connection with the Recall.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT (AGAINST STARR)

24. TRI-UNION realleges and incorporates by reference each and every allegation set forth above.

25. The Policy is a valid and enforceable written contract that affords TRI-UNION insurance coverage for claims of loss caused by and/or resulting from the Recall.

26. TRI-UNION has made written demand that STARR acknowledge coverage under the Policy for losses caused by and/or resulting from the Recall.

//

27. TRI-UNION has satisfied all terms and conditions of the Policy that apply to it, except and to the extent STARR prevented TRI-UNION from performing under the Policy and/or TRI-UNION was excused from performing under the Policy.

28. STARR has breached the Policy by, among other things, wrongfully:
   a. Refusing to pay TRI-UNION's losses caused by and/or resulting from the Recall;
   b. Denying TRI-UNION the right to benefits to which it is entitled under the Policy; and
   c. Taking coverage positions contrary to controlling law.

29. By breaching the Policy, STARR waived its rights under the Policy.

30. As a direct and proximate result of STARR's breaches, TRI-UNION has been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (AGAINST STARR)**

31. TRI-UNION realleges and incorporates by reference each and every allegation set forth above.

32. The Policy contains an implied covenant of good faith and fair dealing under which STARR agreed not to take any action that would deprive TRI-UNION of its rights and benefits under the Policy.

33. STARR has breached this implied covenant of good faith and fair dealing by engaging in a course of conduct intentionally designed to deprive TRI-UNION of its rights and benefits under the Policy.

34. STARR breached the implied covenant of good faith and fair dealing by asserting unreasonable interpretations of the Policy with the intention of depriving TRI-UNION of rights and benefits due to TRI-UNION under the Policy. STARR's breaches of the implied covenant of good faith and fair dealing include,

but are not limited to intentionally and wrongfully:

    a.    Denying reimbursement for TRI-UNION's losses caused by and/or resulting from the Recall, thus not honoring its obligation to promptly reimburse TRI-UNION's losses;

    b.    Basing its claims-handling decisions on the desire to reduce or avoid its obligations to TRI-UNION;

    c.    Preferring its own interests over the interests of TRI-UNION;

    d.    Denying TRI-UNION the rights and benefits to which TRI-UNION is entitled under the Policy, with the intention of coercing TRI-UNION to forgo these rights and benefits; and

    e.    Taking coverage positions contrary to controlling law.

35. By breaching the implied covenant of good faith and fair dealing, STARR waived its rights under the Policy.

36. As a direct and proximate result of STARR's breaches of the implied covenant of good faith and fair dealing, TRI-UNION has been required to file this action to obtain Policy benefits and has been damaged in an amount to be proven at trial.

37. As a direct and proximate result of STARR's breaches of the implied covenant of good faith and fair dealing, TRI-UNION is entitled to recover its attorneys' fees and costs incurred in establishing its rights to obtain benefits under the Policy.

**FOURTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**
**(VIOLATION OF CALIFORNIA BUS. & PROF. CODE § 17200, ET SEQ.)**
**(AGAINST STARR)**

38. TRI-UNION realleges and incorporates by reference each and every allegation set forth above.

39. TRI-UNION alleges on information and belief that STARR has engaged in unlawful, unfair, wrongful, and/or fraudulent business practices,

including with respect to TRI-UNION's claim to STARR under the Policy in connection with losses caused by and/or resulting from the Recall. Such practices include but are not limited to the acts and omissions set forth above, as well as violations of California Insurance Code § 790.03(h), such as knowingly committing or performing with such frequency as to indicate a general business practice the following unfair claims and settlement practices:

    a.    Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue;

    b.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    c.    Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

    d.    Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

    e.    Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear; and

    f.    Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

STARR's unlawful, unfair, wrongful, and/or fraudulent business practices set forth above in this paragraph and throughout this Complaint, including the second and third causes of action were and are unfair business practices in violation of California Business and Professions Code § 17200, et seq., and common law.

40. As a direct and proximate result of STARR's unlawful, unfair, wrongful, and/or fraudulent business practices, TRI-UNION has suffered and will continue to suffer substantial damage and irreparable injury. As such, TRI-UNION is entitled to temporary, preliminary, and permanent injunctive relief against STARR and its unlawful, unfair, wrongful, and/or fraudulent business practices.

41. As a direct and proximate result of STARR's unlawful, unfair, wrongful, and/or fraudulent business practices, TRI-UNION has suffered and will continue to suffer substantial losses for expenses incurred in connection with the Recall and STARR has been unjustly enriched by avoiding paying such fees and costs. As such, TRI-UNION is entitled to disgorgement and restitution of such expenses from STARR in an amount to be proven at trial as a result of STARR's unlawful, unfair, wrongful, and/or fraudulent business practices.

## PRAYER FOR RELIEF

WHEREFORE, TRI-UNION prays for relief as follows:

1. As to the first cause of action, a declaration that under the Policy, STARR is obligated to reimburse TRI-UNION for all losses caused by and/or resulting from the Recall;

2. As to the second cause of action, general, consequential, and compensatory damages according to proof;

3. As to the third cause of action, attorneys' fees, costs, and consequential damages according to proof;

4. As to the fourth cause of action, disgorgement and restitution according to proof, and temporary, preliminary and permanent injunctive relief;

5. Pre-judgment interest according to proof;

6. Costs of suit and attorneys' fees according to proof; and

//
//
//

1 | 7.  Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: September 26, 2014         HANSON BRIDGETT LLP

By: _____//s// Hani Ganji_____
WALTER R. SCHNEIDER
MILES C. HOLDEN
HANI GANJI
Attorneys for Plaintiff
TRI-UNION SEAFOODS, LLC

## JURY DEMAND

TRI-UNION SEAFOODS, LLC hereby demands a jury trial.

Respectfully submitted,

DATED: September 26, 2014

HANSON BRIDGETT LLP

By: //s// Hani Ganji
WALTER R. SCHNEIDER
MILES C. HOLDEN
HANI GANJI
Attorneys for Plaintiff
TRI-UNION SEAFOODS, LLC

TRI-UNION SEAFOODS, LLC'S COMPLAINT